IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GRANITE RUN APARTMENTS      *
OWNER, LLC
                             *

     Plaintiff,
                             *

v.                                   Civil Case No.: 1:20-cv-03638-JMC

                                  *

CHANDRA LYNN WRIGHT,
                             *

     Defendant.
                             *

      *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

## **MEMORANDUM OPINION**

This action arises out of an April 2018 fire that resulted in significant property damage at two properties owned by Plaintiff Granite Run Apartment Owner, LLC ("Granite Run"). (ECF No. 1 at 2). Plaintiff alleges that Defendant Chandra Lynn Wright's negligent use, handling, and/or disposal of cooking materials—i.e., a barbeque grill—started the fire. *Id.*

The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c) and Local Rule 301.4. (ECF No. 13; 18). Now pending before this Court is Defendant's Motion for Joinder. (ECF No. 22). The issues are fully briefed (ECF Nos. 29; 32) and no hearing is necessary. *See* Local Rule 105.6. (D. Md. 2021). For the reasons more fully explained below, Defendant's Motion for Joinder (ECF No. 22) shall be GRANTED.

## **BACKGROUND**[1]

Defendant deposed Andrew Gravina, Granite Run's designated representative, on May 7, 2021. (ECF No. 22 at 1). As a result of the fire, Plaintiff alleges a loss totaling $2,606,285.39.

---

[1] In support of their Motion, Defendant provided various excerpts from Mr. Gravina's deposition. *See* (ECF No. 22-1). Inexplicably, the most relevant excerpts, including those upon which Defendant principally relies in her Motion (pages 37, 38, 42, and 45), are excluded from the exhibit. Thus, the Court must rely on Defendant's recitation of the

*Id.* Several insurance providers insured Plaintiff's properties. *Id.* Lloyd's of London, the primary insurance carrier, covered 40% of the loss. *Id.* Five additional carriers paid the following amounts: Starr Specialty (20%); AIG Lexington (15%); Steadfast (10%); Allied World Assurance Company (7.5%); and Ironshore (7.5%) (collectively, the "Insurers"). *Id.* at 2. Granite Run paid a $25,000.00 deductible. *Id.*

Since the filing of the Motion for Joinder, Plaintiffs filed five Ratification Affidavits for the following entities: (1) Certain Underwriters at Lloyd's, London c/o Apollo 1969 at Lloyd's, (ECF No. 24); (2) Steadfast Insurance Company, (ECF No. 25); (3) Lexington Insurance Company, (ECF No. 26); (4) Starr Surplus Lines Insurance Company, (ECF No. 27); Ironshore Specialty Insurance Company, (ECF No. 28). "Plaintiff anticipates filing a ratification affidavit for the remaining insurer, Allied World Assurance Company, in the near future."[2] (ECF No. 29 at 3). Each affidavit "contains language to the effect that the ratifying insurer/subrogee":

> [(1)] Is a real party in interest in the above-captioned matter among a group of underwriters that are subrogated to recovery on a portion of the fire claim(s) asserted in this action by operation of payments made pursuant to an insurance contract in place between the named Plaintiff and said group of underwriters.

> [(2)] Agrees to be bound by all rulings and judgments in this action vis-à-vis the Defendant in this action as if the group were a named Plaintiff and waives any right to pursue its subrogation interests outside of this litigation, and

> [(3)] Authorizes that this action be prosecuted on its behalf in the name of the named Plaintiff, and agrees to be bound by the results of this action, forever waiving any rights to pursue its subrogation rights outside this proceeding.

(ECF No. 29 at 3).

---

pertinent factual background. (ECF No. 22 at 1–2). Plaintiff does not contest Defendant's account in their Response. (ECF No. 29).

[2] To date, this has not occurred. *See* Docket.

By Order dated July 14, 2021, this Court directed the parties to provide supplemental briefing on the issue of whether or not the proposed joinder would destroy diversity jurisdiction in this case.  (ECF No. 33).  The parties both answered the inquiry in the negative.  (ECF Nos. 34; 35).  That is, joinder of the Insurers will not destroy diversity jurisdiction.

## **DISCUSSION**

The crux of Defendant's argument is that Plaintiff's insurers are real parties in interest, *see* Fed. R. Civ. P. 17(a)(1),[3] and therefore must be joined as plaintiffs here.  Fed. R. Civ. P. 19(a).[4] The parties agree that the Insurers are real parties in interest and that the Insurers' joinder would not destroy diversity jurisdiction.  *See Wattles v. Sears Roebuck and Co.*, 82 F.R.D. 446, 448 (D. Ne. 1979) (citing *United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366, 380–81 (1949) ("An insurer-subrogee qualifies as a "real party in interest" whether it has paid the whole loss or only a part thereof.").  Instead, the parties dispute whether the Insurers *must* be joined under Rule 19(a), where the Insurers have filed—or are expected to file—Ratification Affidavits "agreeing to be bound by all rulings and judgments . . . as if [Insurers] were a named Plaintiff."  *See* (ECF Nos. 24; 25; 26; 27; 28).

Rule 17 and Rule 19 "have essentially the same purpose: 'the protection of defendants from multiple litigation of the same claim.'"  *MTB Services, Inc. v. Tuckman-Barbee Const. Co., Inc.*,

---

[3] Rule 17 provides, in pertinent part, that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1).

[4] "A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party" if various conditions are met.  Fed. R. Civ. P. 19(a)(1).  First, joinder must occur where "in that person's absence, the court cannot accord complete relief among existing parties; or . . . that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the persons absence may":
    (i) as a practical matter impair or impede the person's ability to protect the interest; or
    (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise
    inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1)(A)–(B).

Civ. No. RDB-12-02109, 2013 WL 1819944, at *11 (D. Md. April 30, 2013) (quoting *Jefferson v. Ametek*, 86 F.R.D. 425, 430 (D. Md. 1980)).  Plaintiff contends that Defendant is not at risk of duplicative litigation where the Insurers have sworn to be bound by this Court's rulings and judgments vis-à-vis Defendant as if the Insurers were a named Plaintiff.  However, in pressing this position, Plaintiff exclusively relies on authority from District Courts in various federal Circuits *other* than the Fourth Circuit.  While, in other Circuits, ratification may be "an entirely proper method of resolving controversies over real parties in interest," (ECF No. 29 at 2) (quoting *Clarkson Co. Ltd. v. Rockwell Int'l Corp.*, 441 F. Supp. 792, 797 (N.D. Cal. 1977), same is not true under binding Fourth Circuit law.

The Fourth Circuit has declared a bright-line rule in cases such as these: "a partial subrogee is a person to be joined if feasible" upon timely motion[5] by a defendant under Rule 19(a).  *Va. Elec. & Power Co. v. Westinghouse Corp.*, 485 F.2d 78, 85 (4th Cir. 1973) ("*Virginia Electric*").  Despite some grumbling in response to the rule espoused in *Virginia Electric*,[6] the Fourth Circuit reaffirmed its decision in *Travelers Insurance Company v. Riggs*, where the Court held that "it is

---

[5] The original scheduling order in this case set a deadline of February 22, 2021 for "[m]oving for joinder of additional parties."  (ECF Nos. 8-1 at 2; 9 at 2).  Defendant, within her Motion for Joinder, requests a modification of the scheduling order to accommodate the Motion's June 17, 2021 filing.  (ECF No. 22 at 4–5).  Plaintiff's response is silent on this issue.  *See* (ECF No. 29).  To the extent it is necessary, the Court finds good cause to extend the scheduling order deadline and grants Defendant's request to extend same for purposes of moving for joinder of additional parties.

[6] In *Edwards, Inc. v. Arlen Realty & Dev. Corp.*, 466 F. Supp. 505 (D.S.C. 1978), U.S. District Judge Robert W. Hemphill recognized that *Virginia Electric* established a "'flat unconditional rule' requiring that 'all partial subrogees . . . be joined if feasible," despite his dissatisfaction with such a rule:

> [Judge Hemphill] called it an "unfortunate statement of law" that went beyond the facts of that case, ignored Rule 19(a), and was inconsistent with "logical" decisions from other courts.  He lamented that the Fourth Circuit had, "by its fiat," prevented district courts from applying Rules 17 and 19 and effectuating their purpose, and from "provid[ing] justice between parties."  He called upon the Fourth Circuit to "abandon" the rule and "allow flexibility in the application of the rules so as to enable the courts to mete out justice between the parties."

*D'Elia v. Arrow Products, Inc.*, Civ. No. 2:16-cv-405-PMD, 2016 WL 3086928 at *2 (D.S.C. June 2, 2016) (internal citations omitted).

nevertheless the rule of this circuit that in a partial subrogation situation where the action is brought in the name of the insured as real party in interest, the partially subrogated insurer may also, if feasible, be involuntarily joined as a party plaintiff upon motion of the defendant."  671 F.2d 810, 813 & n.2 (4th Cir. 1982).  "Courts in this circuit have only rejected joinder of a partial subrogee under both Rules 17 and 19 when joinder would destroy diversity jurisdiction." *MTB Services, Inc.*, Civ. No. RDB-12-02109, 2013 WL 1819944, at *12 (D. Md. April 30, 2013) (collecting cases).

In the nearly fifty years since *Virginia Electric* was decided, the Fourth Circuit has not departed from the rule set out therein.  *See, e.g.*, *Ga.-Pac. Corp. v. Ervin & Edwards Constr. Co.*, 891 F.2d 286, 1989 WL 141652, at *2 (4th Cir. Nov. 9, 1989) (per curiam) (table); *Jacobs Press, Inc. v. Hartford Steam Boiler Inspection & Ins. Co.*, 107 F.3d 866, 1997 WL 90665, at *5 (4th Cir. Mar. 4, 1997) (per curiam) (table).  As such, this Court remains bound by those decisions, and is persuaded by other, more recent, decisions in this Circuit following same.  *See MTB Services, Inc.*, Civ. No. RDB-12-02109, 2013 WL 1819944, at *11–12 (D. Md. April 30, 2013); *D'Elia v. Arrow Products, Inc.*, Civ. No. 2:16-cv-405-PMD, 2016 WL 3086928 (D.S.C. June 2, 2016).

Accordingly, because the Insurers are real parties in interest, and their presence in this action will not destroy subject matter jurisdiction, the Court must order their joinder.

## **CONCLUSION**

Defendant's Motion for Joinder (ECF No. 22) is GRANTED and the named Insurers shall be joined as plaintiffs in this action.

A separate order follows.

Date: August 10, 2021                                         _____/s/_____
                                                                          J. Mark Coulson
                                                                          United States Magistrate Judge