IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**GRANITE RUN APARTMENTS**          *
**OWNER, LLC** *et al*,

*Plaintiffs*,                       *

v.                                  Civil Case No.: 1:20-cv-03638-JMC

**CHANDRA L. WRIGHT**,
                                    *
*Defendant*.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiffs bring this negligence action against Defendant Chandra Wright seeking compensation for property damage from a building fire. (ECF No. 45). Presently before the Court is Defendant's Motion for Summary Judgment. (ECF No. 54). The Court has considered Defendant's Motion, Plaintiffs' Opposition (ECF No. 55), and Defendant's Reply (ECF No. 56). No hearing is necessary. *See* Loc. R. 105.6. (D. Md. 2021). For the reasons explained below, Defendant's Motion is DENIED.

### I. BACKGROUND

On April 14, 2018, the Granite Run apartment building in Baltimore, Maryland, caught fire and became uninhabitable. (ECF No. 45). Inspectors on the scene determined that the fire originated from the outdoor use of a portable grill near the left exterior ground floor of the building. (ECF No. 54, Ex. 7). The fire started near two gas pipes connected to the building and, as a result, the gas contributed to fueling the fire and caused explosions within the building. *Id.* The top two floors of the three-story building collapsed, and the fire consumed the entire roof. *Id.* All residents

were able to evacuate the building without injury, but the building itself was largely ruined by the fire. (ECF No. 54, Ex. 7).

Local fire and police personnel reported to the scene and conducted witness interviews. *Id.* Two witnesses reported observing a female grilling food on a portable grill to the left of the Granite Run apartment building. *Id.* The witnesses described her as a black female in a grey shirt and black leggings. (ECF No. 54, Ex. 7). One witness believed the woman lived in the apartment directly adjacent to the fire based on her walking in and out of the building multiple times. *Id.* The other witness explained that the woman using the grill had a ponytail and a light skin complexion. *Id.* Both witnesses observed the female attempt to relocate the grill closer to the building. *Id.* Upon moving the grill, burning coals fell to the ground, catching the grass on fire. *Id.* The flames quickly engulfed the building's structure and the fire spread. (ECF No. 54, Ex. 7).

The detective on scene identified the Defendant as matching the eyewitnesses' description of the person who used the grill. (ECF No. 55, Ex. 3). The detective found that Defendant fit the description because she was a black female wearing a grey shirt and leggings, and her hair was in a ponytail. *Id.* Defendant also lived in apartment 101, the apartment directly adjacent to the fire. (ECF No. 54; ECF No. 55, Ex. 3). The officer interviewed Defendant and Defendant indicated that she believed she could have started the fire from flicking the end of a lit cigarette into the mulch. (ECF No. 55, Ex. 3). Defendant denied owning or ever using a grill on the premises, citing to the building's policy prohibiting grill use. *Id.*

Inspectors of the scene confirmed the origin of the fire was likely the use of a grill, and not from a lit cigarette. (ECF No. 54, Ex. 6). However, upon belief that Defendant was the user of the grill, Plaintiffs filed suit seeking damages for negligence. (ECF Nos. 1, 45). Plaintiffs are the business owner of the apartment building and various insurance entities. Defendant has filed the

instant Motion for Summary Judgment arguing that she did not use the grill that caused the fire. (ECF No. 54). She contends that her appearance on the date of the fire did not match the description from eyewitnesses, and that she was preoccupied with guests and only left her apartment throughout the day to smoke cigarettes. *Id.* Plaintiffs oppose Defendant's Motion and rely on eyewitnesses' descriptions and fire personnel's identification of Defendant as the user of the grill. (ECF No. 55).

For the reasons set forth below, there exists a genuine dispute of material fact as to whether Defendant was the grill user, and therefore summary judgment is not appropriate. Consequently, Defendant's Motion is denied.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) requires the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A dispute as to a material fact "is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *J.E. Dunn Const. Co. v. S.R.P. Dev. Ltd. P'ship*, 115 F. Supp. 3d 593, 600 (D. Md. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A nonmoving party "opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed. R. Civ. P. 56(e)).

The Court is "required to view the facts and draw reasonable inferences in the light most favorable to" the nonmoving party. *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008) (citing *Scott v. Harris*, 550 U.S. 372, 377 (2007)). However, the Court must also "abide by the 'affirmative

obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Heckman v. Ryder Truck Rental, Inc.*, 962 F. Supp. 2d 792, 799–800 (D. Md. 2013) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)). Consequently, a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences. *See Deans v. CSX Transp., Inc.*, 152 F.3d 326, 330–31 (4th Cir. 1998).

The district court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In other words, "in considering a summary judgment motion, the court may not make credibility determinations." *Neal v. United States*, 2022 WL 1155903, at *9 (D. Md. Apr. 19, 2022) (citing *Jacobs v. N.C. Administrative Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015)). "Where there is conflicting evidence, such as competing affidavits, summary judgment ordinarily is not appropriate, because it is the function of the fact-finder to resolve factual disputes, including matters of witness credibility." *Neal*, 2022 WL 1155903, at *9.

## III.   ANALYSIS

The Court exercises diversity jurisdiction over this case and will therefore apply Maryland law. *Hartford Fire, Ins. Co. v. Harleysville, Mut. Ins. Co.*, 736 F.3d 255, 261 (4th Cir. 2013) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)).[1] Under Maryland law, "[a]ny theory of liability sounding in negligence is predicated on the existence of the following elements: (1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately

---

[1] "In a diversity case, a United States District Court sitting in Maryland applies Maryland's choice of law rule . . . .. Under Maryland's choice of law a tort claim is to be governed by the law of the place of the wrong, the *lex loci delicti*." *McCoubrey v. Kellogg, Krebs & Moran*, 7 F. App'x 215, 219 (4th Cir. 2001).

resulted from the defendant's breach of the duty." *Warr v. JMGM Group, LLC*, 443 Md. 170, 181, 70 A.3d 347, 353 (2013) (internal citation omitted).

The central issue in this case rests on whether Defendant breached her duty as a renter and negligently handled grilling materials which caused the apartment building to catch fire. Defendant vehemently contends that she did not own or use a grill on the relevant date and therefore could not have caused the fire, thus Plaintiffs cannot prove the causation necessary for a successful claim of negligence. (ECF Nos. 54-56). Defendant relies on her own testimony and that of her visitors from the date of the fire to state that she wore jeans, had cornrows in her hair, and has a dark complexion; each of which contradict specific observations of the grill user from the eyewitnesses. (ECF Nos. 54, 56). Defendant further points to Plaintiffs' "unreliable" reports which identify Defendant as the grill user. (ECF No. 54, Ex. 1 at 11). Defendant argues "there is simply no evidence, let alone legally competent evidence, to support a finding that [Defendant] was the person using the grill at the time the fire occurred." *Id.* The Court disagrees with Defendant's assertion.

In the light most favorable to Plaintiffs as the non-moving party, Plaintiffs have "set forth specific facts showing that there is a genuine issue for trial." *Bouchat*, 346 F.3d at 522. Plaintiffs point to eyewitness statements that describe the physical characteristics of the grill user as reasonably resembling Defendant's appearance. (ECF No. 55). Plaintiffs further rely on a detective's observations of Defendant during an on-site interview in which the detective found Defendant matched the eyewitnesses' descriptions, and the detective generally questioned Defendant's truthfulness of her involvement in the fire. (ECF No. 55, Ex. 3). In addition, Plaintiffs find the proximity between the location of Defendant's apartment and the site of the fire as

significant. (ECF No. 55, Ex. 3). In the aggregate, this evidence could allow a reasonably jury to conclude that Defendant was the grill user in question. (ECF No. 55).

Furthermore, Defendant's argument that Plaintiffs' evidence is unreliable rests on a credibility determination, which is not this Court's function. *Anderson*, 477 U.S. 242, 249 (1986). The parties' arguments and exhibits are as strong as they are credible, and it is a jury's role to ascertain which evidence is more reliable – testimony from those who witnessed the fire and gave descriptions of the grill user, or testimony from those who spent the day with the Defendant in her apartment and can corroborate her appearance and whereabouts. In all, such discrepancies are determinations to be made by a jury, and not the Court. Ultimately, there is a genuine dispute as to the material fact concerning whether Defendant used the grill on April 14, 2018, that caused significant damage to the Granite Run Apartments, and summary judgment is improper.

### IV. CONCLUSION

For these reasons, Defendant's Motion for Summary Judgment (ECF No. 54) is DENIED. A separate Order follows.

Date: May 25, 2022

      /s/
J. Mark Coulson
United States Magistrate Judge